

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
XXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable O. J. S. Ellingson
General Manager
Texas Prison System
Huntsville, Texas

Overruled by V-423

Dear Sir:

Opinion No. 0-3629
Re: Authority of the Texas
Prison Board to grant an
easement across Texas
Prison farm land to the
Texas Highway Department.

We have your letter of recent date, wherein you request the opinion of this department upon the following questions which we quote:

"1. Does the Texas Prison Board have the right to grant an easement across Texas Prison farm land to the Texas Highway Department?

"2. If not, would it be legal for them to set the fence back and permit the widening of the highway without granting an easement?"

According to your letter the Texas Highway Department desires to immediately widen and reconstruct U. S. Highway No. 90 in Fort Bend County, between the Harris County line and the city of Rosenberg, in accordance with the 1941 regular federal aid program. That portion of the highway between Sugarland and Richmond passes along the Imperial State Farm property belonging to the Texas Prison System, and 8.35 acres of additional right-of-way will be required for the proper design and reconstruction of this highway, you state.

The Texas Prison Board, of course, is a state agency with very limited powers. It is a department of the state government in the nature of a quasi-corporation, created and employed by the state for the purpose of carrying out the duty of the state to incarcerate and care for persons convicted of crime. It is a component part of the state, derives all of its power and authority by delegation from the state. See 37 Tex. Jur. 65.

By Article 6166g, Vernon's Annotated Statutes, full control of the prison system is placed by the Legislature in the Texas Prison Board. However, such "control" is limited in the sense that the prison board has no powers or duties except those which are expressly set forth and defined therein, and such additional powers as must necessarily be implied from the expressed powers. Edwards County v. Jennings (Civ. App., 1895), 33 S. W. 585. Article 6166g reads as follows:

"The Texas Prison Board, together with the manager hereinafter provided for, shall be vested with the exclusive management and control of the Prison System, and all properties belonging thereto, subject only to the limitations of this Act, and shall be responsible for the management of the affairs of the Prison System and for the proper care, treatment, feeding, clothing and management of the prisoners confined therein."

The above quoted statute does not, of course, confer upon the Texas Prison Board any authority to grant the necessary easement. However, we direct your attention to Article 6715, Vernon's Annotated Statutes, by which we believe that the Legislature has attempted to provide for the situation disclosed by your letter. This Article reads as follows:

"No public roads shall be opened across lands owned and used or for actual use by the State, educational, eleemosynary, or other public State institutions for public purposes and not subject to sale under the general laws of the State, without the consent of the trustees of said institution and the approval of the Governor. Roads heretofore opened across such lands may be closed by the authorities in charge of any such lands whenever they deem it necessary to protect the interests of the State, upon repayment to the county where the land is situated with eight per cent interest, the amount actually paid out by said County for the condemnation of said land as shown by the records of the commissioners' court."

Before determining whether or not the above quoted Article is applicable to the situation you have set out, we must first determine whether the use of the word "trustees" restricts the Article to such institutions as are controlled by boards whose members are specifically designated by statute as "trustees."

A "trustee" is defined as "one trusted to keep or administer something . . . a person, whether real or Juristic, to whom property is legally committed

in trust; one entrusted with the property of another." Webster's New International Dictionary (Second Edition, Unabridged), 1938).

A trust "in its simplist elements is a confidence reposed in one person, who is termed trustee, for the benefit of another, who is called the cestui que trust, respecting property which is held by the trustee for the benefit of the cestui que trust. It has also been defined as an obligation on a person to whom the legal title to property has been transferred arising out of a confidence reposed in him to apply the property faithfully and according to such confidence." 26 R. C. L., 1168, and cases cited.

It is our opinion that the Texas Prison Board qualifies as a Board of Trustees under the definitions we have set out above. And we further believe, that it was not the Legislative intent to restrict the application of Article 6715 to such institutions as were controlled by a board of trustees, specifically so called.

To so hold would be to restrict the application of that statute unduly, especially in view of the fact that the state eleemosynary institutions are controlled and administered by the Board of Control, whose members are no where designated as trustees, and that our educational institutions are in general controlled and administered by boards of regents and boards of directors, whose members are designated as regents and directors respectively. See also 42 Tex. Jur. 825, Section 8.

It is, therefore, the opinion of this department, and you are so advised, that the granting of an easement across Texas Prison farm lands to the Texas Highway Department for highway purposes, is a matter within the sound discretion of the Texas Prison Board and the Governor under the provisions of Article 6715. In our opinion that Statute authorizes such Board, with the approval of the Governor, to grant the necessary easement.

Our answer to your first question makes it unnecessary that we answer your second.

Trusting that we have fully answered your inquiry, we are

APPROVED JUL 9, 1941

*Grover Sellers*

FIRST ASSISTANT
ATTORNEY GENERAL
PM:ej

Approved
Opinion
Committee
By *BWB*.
Chairman

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Peter Maniscalco*

Peter Maniscalco, Assistant